IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENJAMIN C. RIGGS, JR. d/b/a RESOURCE MANAGEMENT COMPANY | : : : | CIVIL ACTION |
| v. | : : | |
| AHP SETTLEMENT TRUST | : | NO. 10-2824 |

MEMORANDUM

Bartle, C.J. September 24, 2010

  Plaintiff Benjamin C. Riggs, Jr. ("Riggs") brings this diversity action against defendant AHP Settlement Trust ("Trust") alleging fraud, negligence, conspiracy, breach of fiduciary duty, and tortious interference with business relationships. Riggs is a citizen of Rhode Island and the sole proprietor of Resource Management Company ("Resource"), a "New Hampshire registered company" with its office in Rhode Island. The Trust is a citizen of Pennsylvania. Before the court is the motion of the Trust to dismiss this complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

I.

  When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and draw all inferences in the light most favorable to the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); Umland v. Planco Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008). We must then determine whether the pleading

at issue "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim must do more than raise a "'mere possibility of misconduct.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1950). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949.

II.

In 1999, Wyeth reached a Nationwide Class Action Settlement Agreement ("Settlement Agreement") in connection with claims arising from the purchase and use of the diet drug known as Fen-Phen. Under the Settlement Agreement, the Trust was established to receive funds from Wyeth[1] and distribute benefits to qualifying class members.

According to the complaint, Riggs entered into an agreement with the late Frank Gregory, Esq. ("Gregory") on January 31, 2003. Under the agreement, Resource financed Gregory's prosecution of certain Fen-Phen claims. Riggs contends that Resource had a "lien" on Gregory's contingent fee receivables in return.

---

1. At the time the Trust was established, Wyeth was known as American Home Products Corporation.

The complaint alleges that instead of paying Resource, the Trust wrongfully paid fees to Gregory himself and another company financing Gregory's litigation, American Asset Finance ("American Asset").  On August 25, 2006, Riggs wrote to the Trust.  In his letter, Riggs asserted a "valid and continuing security interest and lien" on attorney's fees payable to Gregory.  On September 11, 2006, the Trust orally responded to Riggs' letter by stating that it did not recognize Resource's lien.  The Trust also sent Riggs letters on October 23 and November 2 of that year, again stating that it would not recognize Riggs' claims.

Riggs subsequently sued Gregory's Estate in the District of New Hampshire and obtained a judgment in his favor on March 26, 2009 in the amount of $250,000.[2]  Resource Mgmt. Co. v. Janet Peschong, Pers. Representative for the Estate of Frank Gregory, No. 06-366 (D.N.H.).  During the course of the litigation, Riggs received a letter from the Trust dated June 15, 2007, which stated that the Trust had paid over $500,000 to Gregory and American Asset.  Of that amount, $300,000 was paid after the Trust received Riggs' letter asserting a lien.

On May 29, 2009, Riggs filed a lawsuit against the Trust and Wyeth in the United States District Court for the District of Rhode Island.  By order of the Judicial Panel on

---

2.  In 2007, Gregory died with assets in his estate totaling less than $50,000.  According to the complaint, Riggs settled his claim with Gregory's estate and obtained $34,090.19 being held by the Trust.

Multidistrict Litigation, that action was transferred to this court on December 15, 2009 as part of the Diet Drug Multidistrict Litigation.  We dismissed the complaint against the Trust for lack of personal jurisdiction pursuant to Rule 12(b)(2) on June 4, 2010.  Riggs v. Wyeth, Inc., et al., No. 09-20008 (E.D. Pa.).  Riggs filed this complaint on June 10, 2010.

III.

The Trust first argues that Riggs' claims are barred by the statute of limitations.  Such a defense may be raised under Rule 12(b)(6) if it is clear on the face of the complaint that the claim was not timely filed.  Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997) (citing Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978)).  The Trust maintains that the Pennsylvania two-year statute of limitations[3] is applicable.  42 Pa. Cons. Stat. Ann. § 5524(3), (7).  Riggs counters that the proper statute of limitations is either that of New Hampshire, which is three years, N.H. Rev.

---

3. Riggs asserts claims for fraud, negligence, conspiracy to commit fraud, breach of fiduciary duty, and tortious interference with business relationships.  Claims based on fraud and breach of fiduciary duty are subject to a two-year limitations period. Maillie v. Greater Del. Valley Healthcare, Inc., 628 A.2d 528, 532 (Pa. Commw. Ct. 1993).  Claims for tortious interference are also subject to a two-year limitations period. CGB Occupational Therapy, Inc. v. RNA Health Servs., Inc., 357 F.3d 375, 383 (3d Cir. 2004).  The same limitation applies to actions based on negligence. Donovan v. Idant Labs., 625 F. Supp. 2d 256, 265 (E.D. Pa. 2009).

Stat. § 508:4, or Rhode Island, which is ten years, R.I. Gen. Laws § 9-1-13(a).[4]

To determine which statute of limitations is to be applied, we must look to the choice-of-law rules of Pennsylvania, the jurisdiction in which this district court sits. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); AAMCO Transmissions, Inc. v. Harris, 759 F. Supp. 1141, 1143 (E.D. Pa. 1991). Pennsylvania has a "borrowing statute" which provides that "[t]he period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of this Commonwealth, whichever first bars the claim." 42 Pa. Cons. Stat. Ann. § 5521(b). Because the limitation periods of New Hampshire and Rhode Island are longer than that of Pennsylvania, we must apply the Pennsylvania two-year statute.

Riggs first disputes when the statute of limitations began to run on his claims. Generally, the time period begins to run on the date when the injury occurred. MacCain v. Montgomery Hosp., 578 A.2d 970, 972-73 (Pa. Super. 1990). In Pennsylvania, there are two exceptions to this general principle. Under the discovery rule, the statute of limitations is tolled until the

---

4. The New Hampshire statute states that all personal actions except slander or libel must be brought within three years. See State v. Lake Winnipesaukee Resort, LLC, 977 A.2d 472, 477-78 (N.H. 2009). Under Rhode Island law, claims for fraud, breach of fiduciary duty, negligence, and misrepresentation are subject to a ten-year limitations period. Levin v. Kilborn, 756 A.2d 169, 173 (R.I. 2000).

plaintiff knows, or should reasonably know, that he has been injured and that the injury was caused by another person's conduct. Urland v. Merrell-Dow Pharm., 822 F.2d 1268, 1273-74 (3d Cir. 1987); Crouse v. Cyclops Indust., 745 A.2d 606, 611 (Pa. 2000). The issue is for the court to decide when "the undisputed facts lead unerringly to the conclusion that the time it took to discover an injury or its cause was unreasonable." A. McD. v. Rosen, 621 A.2d 128, 130 (Pa. Super. 1993). Otherwise, it is a matter for the jury. Id.

Riggs suggests in his brief in opposition to the motion to dismiss that he did not discover his injury until 2007. However, in his complaint, he acknowledges that he received a response from the Trust as early as September, 2006 regarding his claimed lien that "failed to comply with [Resource's] request." This response was sufficient to put Riggs on notice of his injury. As the Supreme Court of Pennsylvania has stated, the limitations period begins with "actual or constructive knowledge of at least some form of significant harm ... without the necessity of notice of the full extent of the injury, the fact of actual negligence, or precise cause." Wilson v. El-Daief, 964 A.2d 354, 364 (Pa. 2009). Although he may not have known at that time the exact amount of payments that the Trust had made to Gregory,[5] Riggs knew that the Trust did not recognize his claimed

---

5. In response to the Trust's motion to dismiss, Riggs contends that he did not discover his injury until the Trust produced a summary showing payments to Gregory totaling $500,000.

-6-

lien and would continue to make payments directly to Gregory. Based on the allegations in the complaint, Riggs had discovered the harm, although maybe not its extent, no later than September, 2006.

Riggs also argues that the Trust engaged in fraudulent concealment. The statute of limitations in Pennsylvania may be tolled where the defendant made an "affirmative independent act of concealment upon which the plaintiff[] justifiably relied." Bucci v. Wachovia Bank, 591 F. Supp. 2d 773, 787 (E.D. Pa. 2008) (quoting Kingston Coal Co. v. Felton Min. Co., Inc., 690 A.2d 284, 291 (Pa. 1997)). Although the concealment may be intentional or unintentional, "[m]ere mistake, misunderstanding or lack of knowledge" on the part of the defendant is not sufficient. Molineux v. Reed, 532 A.2d 792, 794 (Pa. 1987). Again, Riggs admits in his complaint that the Trust openly declared in September, 2006 that it did not recognize Resource's lien. Any failure of the Trust to notify Riggs before making payment to Gregory is not an affirmative act of concealment, in light of the Trust's clear response to Riggs that it did not recognize any lien. The complaint eliminates any basis for tolling the limitations period on the ground of fraudulent concealment.

Finally, Riggs contends that the clock stopped when he instituted suit in the District Court in Rhode Island on May 29, 2009. However, that suit was dismissed as to the Trust for lack of personal jurisdiction on June 4, 2010. Riggs filed his

complaint with this court on June 10, 2010.  It is the June 10, 2010 date that governs for limitation purposes.  See Lafferty v. St. Riel, 495 F.3d 72, 77 (3d Cir. 2007).  However, even assuming that the statute was tolled by the filing of his 2009 complaint, Riggs' claims still would be time barred based on his pleading that he discovered the harm in September, 2006.

      The statute of limitations here began to run on Riggs' claims in September, 2006.  He did not file his action in this court until June 10, 2010, more than three years after his injury accrued.  His claims are time barred and will be dismissed.